UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.: _____

JOHN BARRETT, Individually, and
ANTHONY MCWHORTER,
Individually,

       Plaintiffs,

v.

AMERICAN SAW &
MANUFACTURING COMPANY, a
foreign corporation,

       Defendant.
_____

## COMPLAINT

Plaintiffs, JOHN BARRETT, Individually, and ANTHONY MCWHORTER, Individually, sue Defendant, AMERICAN SAW & MANUFACTURING COMPANY ("AMERICAN SAW"), and allege:

### INTRODUCTORY ALLEGATIONS

1. This is an action for damages in excess of Fifteen Thousand Dollars ($15,000.00), exclusive of interest, costs and attorneys' fees.

2. Plaintiff, JOHN BARRETT, was and is a resident of the State of Florida, and is *sui juris*.

3. Plaintiff, ANTHONY MCWHORTER, was and is a resident of the State of Florida, and is *sui juris*.

4. AMERICAN SAW is and at all times material hereto was a foreign corporation and was authorized and doing business throughout the State of Florida, for which it receives substantial revenue.

5. Defendant, AMERICAN SAW, submitted itself to the jurisdiction of this Honorable Court by doing, personally or through its agents, at all times material to this cause of action, the following acts:

(a) Committing a tortious act within this state by selling and delivering defective products, including the Lenox Mapp Gas tank that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, dealers, wholesalers, and brokers. Such gas tank and other products were used by consumers in Florida in the ordinary course of commerce and trade.

(b) Conducting and engaging in substantial business and other activities in Florida by selling products, including the Lenox Mapp Gas tank that is the subject of this Complaint, to persons, firms, or corporations in this state via its distributors, wholesalers dealers and brokers. Such gas tanks and other products were used by consumers in Florida in the ordinary course of commerce and trade;

(c) The acts or omissions of Defendant, AMERICAN SAW, caused injuries to persons in Florida, including Plaintiffs. At or about the time of said injuries, Defendant, AMERICAN SAW, engaged in solicitation activities in Florida to promote the sale, consumption, use, maintenance and/or repair of its gas tank, including the Lenox Mapp Gas tank that is the subject of this Complaint; and

(d) Selling products, including the Lenox Mapp Gas tank that is the subject of this Complaint, with knowledge or reason to foresee that these products would be shipped in interstate commerce and would reach the market of Florida users or consumers.

6. AMERICAN SAW is and at all times material hereto was the importer, designer and/or the manufacturer of the Lenox Mapp Gas tank.

7. At all times material hereto, Defendant, AMERICAN SAW imported or manufactured, and sold and delivered the Lenox Mapp Gas tank, to HUGHES SUPPLY in Florida, for sale to the general public.

8. On or about August 4, 2006, approximately 2 weeks before the subject accident, Plaintiff, JOHN BARRETT, purchased the Lenox Mapp Gas tank.

9. On or about August 22, 2006, JOHN BARRETT with his helper, ANTHONY MCWHORTER, who were working to repair a main water line leak in the course of their employment with Temple Plumbing. JOHN BARRETT was in the process of utilizing the Mapp Gas tank in an attempt repair the leak. The Lenox Mapp Gas tank was being used for approximately five hours when it appeared to be running out of fuel. At that time, JOHN BARRETT sent ANTHONY MCWHORTER to pick up a second Lenox Mapp Gas tank. ANTHONY MCWHORTER returned with the second gas tank and waited for JOHN BARRETT to request same. JOHN BARRETT tried to re-light the subject gas tank again when it exploded, at which time JOHN BARRETT and ANTHONY MCWHORTER were engulfed in flames.

10. As a result of the failure of the Lenox Gas tank, Plaintiffs suffered severe and permanent injuries.

## COUNT I
## STRICT LIABILITY AGAINST AMERICAN SAW

11. Paragraphs 1 through 10 are realleged.

12. Defendant, AMERICAN SAW, was and is engaged in the business of designing, manufacturing, importing, constructing, selling and distributing Lenox Mapp Gas tanks, including the Subject Lenox Mapp Gas tank, to the public.

13. Defendant, AMERICAN SAW, placed the Subject Lenox Mapp Gas tank on the market with knowledge that they would be used without inspection for defects and dangers. AMERICAN SAW knew, or should have known, that ultimate users, operators or consumers would not and could not properly inspect these products for defects and dangerous conditions, and that detection of such defects and dangers would be beyond the capabilities of such persons.

14. The Lenox Mapp Gas tank was defective and unreasonably dangerous to ultimate users, operators or consumers when sold and distributed by the Defendant, AMERICAN SAW, because of design, manufacturing, and inspection defects that caused the gas tank to suddenly fail, including the following:

   (a) The Subject Lenox Mapp Gas tank was manufactured by AMERICAN SAW or pursuant to AMERICAN SAW's specifications without adequate quality control measures and improper manufacturing procedures and processes, including, but not limited to the use of contaminated and/or poor quality materials, improper handling of components, improper testing and improper final inspection. Said improper quality control measures and inappropriate manufacturing practices and procedures contributed to the in-service failure of the Subject gas tank;

   (b) The Subject gas tank was defective in design in that Defendant, AMERICAN SAW, incorporated a flawed design of its components so that the Subject gas tank was prone to corrode, leak and explode under normal operating conditions; and

 (c) The Subject gas tank was defective and unreasonably dangerous in that the specifications and warnings supplied with them were inadequate to instruct users in the proper use or warn users of the dangers described herein.

15. On the date of the accident, the Subject gas tank was substantially unchanged from its condition, as set forth above, when sold and distributed by Defendant, AMERICAN SAW.

16. For the reasons set forth above, the Subject gas tank was unreasonably dangerous to foreseeable users, including Plaintiff, who used the Subject gas tank in an ordinary and foreseeable manner.

17. At the time AMERICAN SAW released the defective Subject gas tank into the stream of commerce, non-defective Mapp Gas tanks were economically and technologically feasible, and its use in supporting the work being performed by the Plaintiffs. For example, a gas tank which incorporated galvanized steel would have been a safer alternative design which would have significantly reduced the risk of the Plaintiffs' injuries without substantially impairing the utility of the Subject gas tank.

Case 8:07-cv-01355-TBM   Document 1   Filed 08/02/07   Page 6 of 10 PageID 6

18.  The defects described above directly and proximately caused the incident and injuries sustained by the Plaintiffs in that they directly, and in natural and continuous sequence, produced or contributed substantially to their injuries.

19.  As a direct and proximate result of the foregoing defects, Plaintiffs, JOHN BARRETT and ANTHONY MCWHORTER, sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, treatment, rehabilitation and loss of ability to earn money. The injuries to JOHN BARRETT and ANTHONY MCWHORTER are permanent within a reasonable degree of medical probability, and JOHN BARRETT and ANTHONY MCWHORTER has suffered these injuries in the past, from the date of the accident, and will continue to sustain such injuries in the future.

**WHEREFORE**, Plaintiffs, JOHN BARRETT and ANTHONY MCWHORTER demand judgment against Defendant, AMERICAN SAW, jointly and severally, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

## COUNT II
### NEGLIGENCE AGAINST LARIN

20.  Paragraphs 1 through 10 are realleged.

21.  Defendant AMERICAN SAW designed, manufactured, imported, inspected, distributed, and sold Lenox Mapp Gas tanks, including the Subject Lenox Mapp Gas tank, to the public.

22. Defendant, AMERICAN SAW, knew, or in the exercise of due care should have known, that the Subject Lenox Mapp Gas tank would be used without inspection in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including Plaintiffs.

23. Defendant, AMERICAN SAW, was under a duty to properly and adequately design, manufacture, assemble, import, test, inspect, label, provide adequate warnings for, package, distribute and sell the Subject gas tank in a reasonably safe condition so as not to present a danger to members of the general public who reasonably and expectedly, under ordinary circumstances, would come into contact with the Subject Lenox Mapp Gas tank, including Plaintiffs.

24. Defendant, AMERICAN SAW, breached its duty of reasonable care owed to Plaintiffs in one or more of the following ways:

 (a) negligently designing the Subject gas tank;

 (b) negligently manufacturing and/or assembling the Subject gas tank;

 (c) negligently testing or failing to test the Subject gas tank;

 (d) negligently inspecting or failing to inspect the Subject gas tank for defects;

 (e) negligently failing to provide proper specifications for the gas tank to the manufacturer of the Subject gas tank;

(f) negligently warning or failing to warn Plaintiffs of defects in the Subject gas tank which Defendant, AMERICAN SAW either knew, or should have known, existed;

(g) marketing, promoting, advertising and representing that the Subject gas tank was suitable for use when, if fact, they were not;

(h) marketing, promoting, advertising and representing that the Subject gas tank was a safe product when, in fact, Defendant knew that it was not because the Subject gas tank would fail during normal and foreseeable use; and

(i) negligently failing to ensure that the Subject gas tank was manufactured to Defendant, AMERICAN SAW's specifications after importing them.

25. The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiffs in that it directly, and in natural and continuous sequence, produced or contributed substantially to their injuries.

26. As a direct and proximate result of the foregoing conduct of Defendant, AMERICAN SAW, Plaintiffs, JOHN BARRETT and ANTHONY MCWHORTER, sustained bodily injury and resulting pain and suffering, impairment, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care, rehabilitation, treatment, and loss of ability to earn money. The injuries to JOHN BARRETT and ANTHONY MCWHORTER are permanent within a reasonable degree of medical probability, and JOHN BARRETT and ANTHONY MCWHORTER have suffered these injuries in the past, from the date of the accident, and will continue to suffer the injuries in the future.

WHEREFORE, Plaintiffs, JOHN BARRETT and ANTHONY MCWHORTER, demand judgment against Defendant, AMERICAN SAW jointly and severally, for compensatory damages, costs, interest as allowed by law, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

Dated: August 1, 2007

C. RICHARD NEWSOME, ESQUIRE
Florida Bar No.: 827258
**R. FRANK MELTON, II, ESQUIRE**
Florida Bar No.: 475440
Newsome Law Firm
20 North Orange Avenue, Suite 800
Orlando, Florida  32801
Telephone:  (407) 648-5977
Facsimile: (407) 648-5282
*Attorneys for Plaintiff*